UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

ENCORE TECHNOLOGIES, L.L.C.,

Plaintiff,

vs.

ECO SOIL SYSTEMS, INC.,

Defendant.

Civil Action No. 01 CV 1284 (DSD / FLN)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

Minneapolis, Minnesota this 11TH day of July, 2002.

The above-captioned matter came before the undersigned Judge in an adversarial proceeding brought by Plaintiff Encore Technologies, Inc. ("Encore") against Defendant Eco Soil Systems, Inc. ("Eco Soil"). Said matter came on for hearing before this court on May 3, 2002 pursuant to Encore's motion for summary judgment. Encore was represented by Jeffrey E. Grell and the law firm of Leonard, Street and Deinard. Eco Soil was represented by George O. Ludke and the law firm of Kelly & Berens, P.A.

Based upon the parties' summary judgment memoranda and supporting affidavits, previous orders issued by the Court, the parties' pleadings and all other documents filed, this Court enters the following Findings of Fact, Conclusions of Law, and Order for Judgment.

## FINDINGS OF FACT

1. Encore and Eco Soil had an irrevocable purchase order under which Eco Soil was to buy 10,000 gallons of Azo at $48.50 per gallon of Azo. Eco Soil advanced payments to Encore of approximately $80,625.50; in return, Encore shipped 1,683 gallons of Azo under the irrevocable purchase order.



FILED 7-11-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 7-11-02
DEPUTY CLERK

2. Encore produced several thousand gallons more of Azo in anticipation of its obligations under the irrevocable purchase order and pursuant to Eco Soil's lot release.

3. Eco Soil stopped making payments under the contract with Encore.

4. Eco Soil failed to pay for approximately $360,821.50 worth of Azo.

5. Encore was unable to mitigate its damages by selling the Azo produced for Eco Soil before the active biological agent died.

6. Eco Soil did not dispute damages on summary judgment.

7. In its Order of July 2, 2002, this Court granted Encore's motion for summary judgment, entered judgment in favor of Encore as to Count I of its Complaint, and dismissed Eco Soil's counterclaim with prejudice.

## CONCLUSION OF LAW

1. Eco Soil has breached its contract with Encore.

2. Eco Soil is liable for damages resulting from its breach of contract with Encore in the amount of $360,821.50.

## ORDER FOR JUDGMENT

Based upon the preceding findings of fact and conclusions of law,

**IT IS HEREBY ORDERED:**

That judgment in this matter is hereby entered in favor of Plaintiff Encore Technologies, L.L.C. in the amount of $360,821.50 as to Count I of its Complaint in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: July 11, 2002

Honorable David S. Doty

2176075v1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd